```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

**WILLIAM KENNEDY,**

        **Plaintiff,**

  vs.                                          Civil Action 2:14-cv-977
                                                      Judge Graham
                                                      Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for a period of disability and disability insurance benefits.  This matter is now before the Court on *Plaintiff's Statement of Errors* ("*Statement of Errors*"), Doc. No. 16, *Defendant's Memorandum in Opposition* ("*Commissioner's Response*"), Doc. No. 21, and *Plaintiff's Reply to Defendant's Memorandum in Opposition,* Doc. No. 22.

### I.  Background

Plaintiff William Kennedy filed his application for benefits on February 6, 2011, alleging that he has been disabled since September 19, 2008.  *PAGEID* 51, 179-85.  The claim was denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

An administrative hearing was held on March 13, 2013, at which plaintiff, represented by counsel, appeared and testified, as did Carl

Hartung, who testified as a vocational expert. *PAGEID* 51, 72. In a decision dated March 29, 2013, the administrative law judge concluded that plaintiff was not disabled from September 19, 2008, through September 30, 2009. *PAGEID* 51-68. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on May 29, 2014. *PAGEID* 39-41.

Plaintiff was 57 years of age on the date of the administrative decision. *See PAGEID* 58, 189. Plaintiff was last insured for disability insurance purposes on September 30, 2009. *PAGEID* 53. Plaintiff has past relevant work as a supervisor of janitorial services. *PAGEID* 67. He has not engaged in substantial gainful activity from the alleged onset date of September 19, 2008, through the date that he was last insured, *i.e.,* September 30, 2009. *PAGEID* 53.

## II. Administrative Decision

The administrative law judge found that plaintiff's severe impairments consist of obesity and a remote history of right knee and left shoulder arthroscopy procedures. *Id*. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") to perform

> light work as defined in 20 CFR 404.1567(b) from the alleged onset date of disability through the date last insured and could lift, carry, push and pull up to 20 pounds occasionally and up to 10 pounds frequently. He could sit, stand and walk for up to 6 hours each in an 8-hour workday. Balancing, crawling, crouching, kneeling,

> stooping and climbing ramps and stairs were each limited to
> no more than frequently.  Climbing of ladders, ropes and
> scaffolds was limited to no more than occasionally.

PAGEID 60-61 (footnote omitted).  Relying on the testimony of the vocational expert, the administrative law judge found that this RFC does not preclude the performance of plaintiff's past relevant work as a supervisor of janitorial services.  PAGEID 67.  Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from September 19, 2008, through September 30, 2009.  PAGEID 68.

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards.  *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).  Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this

Court must examine the administrative record as a whole.  *Kirk*, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *Longworth,* 402 F.3d at 595.

In his *Statement of Errors*, plaintiff contends, *inter alia*, that the administrative law judge improperly evaluated the medical evidence of record.  Although plaintiff specifically argues that the administrative law judge erred in evaluating the opinions of a number of acceptable medical sources and other sources, *see Statement of Errors*, pp. 9-15, the Court concludes that the matter must be remanded for further consideration of plaintiff's treating provider, James Powers, M.D.

The opinion of a treating provider must be given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. § 404.1527(c)(2).  Even if the opinion of a treating provider is not entitled to controlling weight, an administrative law judge is nevertheless required to evaluate the opinion by considering such factors as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the extent to which the

4

opinion is supported by the evidence, and the consistency of the opinion with the record as a whole.  20 C.F.R. § 404.1527(c)(2)-(6); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Moreover, an administrative law judge must provide "good reasons" for discounting the opinion of a treating provider, *i.e.*, reasons that are "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996)).  This special treatment afforded the opinions of treating providers recognizes that

> "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."

*Wilson,* 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2)).

Dr. Powers has treated plaintiff since at least April 2007, and he treated plaintiff regularly from 2008 through December 2012. *PAGEID* 278-92, 342-46, 356-77.  Plaintiff began treating with Dr. Powers in 2007 for work-related injuries associated with a workers' compensation claim that arose in 1992.  *PAGEID* 374.  Dr. Powers treated plaintiff for, *inter alia*, pain in his neck, shoulders, right foot, and hip, and for pain and loss of feeling in his legs.  *PAGEID*

5

283, 278-80, 287, 342-43.  On March 22, 2010, Dr. Powers opined that "the possibility of [plaintiff] returning to work is essentially zero."  *PAGEID* 281.

Dr. Powers completed a medical source statement on February 11, 2013.  *PAGEID* 349-54.  Dr. Powers opined that, because of multiple site degenerative joint disease, plaintiff could lift up to 10 pounds frequently and 11 to 20 pounds occasionally and could carry up to 20 pounds occasionally.  *PAGEID* 349.  Plaintiff could sit for eight hours, stand for two hours, and walk for two hours in an eight-hour workday.  *PAGEID* 350.  Plaintiff could sit for two hours at a time, stand for one hour at a time, and walk for 30 minute at a time.  *Id*.  Plaintiff could never reach overhead, could occasionally reach and push/pull, could frequently handle and finger, and could continuously feel.  *PAGEID* 351.  Plaintiff could frequently operate foot controls.  *Id*.  Dr. Powers further opined that plaintiff could never climb ladders or scaffolds, kneel, or crawl; he could occasionally climb stairs and ramps, stoop, and crouch; and he could frequently balance.  *PAGEID* 352.  Plaintiff could never tolerate exposure to extreme cold, unprotected heights, dust, odors, fumes, and pulmonary irritants, and could occasionally tolerate moving mechanical parts, operate a motor vehicle, and work around humidity and wetness, extreme heat, and vibrations.  *Id*.  Dr. Powers also opined that plaintiff did not require a cane to ambulate and could perform such activities as shopping, traveling without a companion for assistance, walking a

6

block at a reasonable pace on rough or uneven surfaces, using standard public transportation, and preparing a simple meal. *PAGEID* 350, 354. According to Dr. Powers, plaintiff's limitations had been present since 2005. *PAGEID* 354.

The administrative law judge recognized Dr. Powers to be a treating source. At step two of the sequential evaluation process, the administrative law judge noted Dr. Powers' opinion that plaintiff "can shop in stores, travel alone, use public transportation, cook, feed himself and care for his grooming and hygiene independently and without difficulty since 2005." *PAGEID* 55. At step three of the sequential evaluation process, the administrative law judge noted that Dr. Powers "also opined that [plaintiff] has not required any ambulatory aid since 2005." *PAGEID* 60. *See also PAGEID* 62. In determining plaintiff's RFC, the administrative law judge evaluated Dr. Powers' opinion as follows: "The BDD assessments are generally consistent with the opinions of the claimant's primary care physician, who concluded that he has had the ability to perform light work since 2005 (Exhibit 7F/3-7), which are also entitled to great weight." *PAGEID* 64.

Plaintiff argues that the administrative law judge mischaracterized Dr. Powers' opinion as consistent with light work. *Statement of Errors*, pp. 9-11. According to plaintiff, Dr. Powers' opinion that plaintiff is limited to standing and walking, each, for two hours during an eight-hour workday is inconsistent with a finding

7

that plaintiff can perform light work. *Id*. Plaintiff also argues that, to the extent that the administrative law judge rejected Dr. Powers' opinion, he failed to provide "good reasons" for doing so. *Id*.

The Commissioner argues that "the contention that Dr. Powers' assessment of Plaintiff's ability to stand and walk limited him to sedentary, rather than light, work is baseless." *Commissioner's Response*, p. 9. According to the Commissioner, a limitation to standing and walking for a total of four hours in an eight-hour workday is consistent with the ability to perform light work. *Id*. The Commissioner's arguments are not well taken.

The Social Security Regulations define "light work" as

> work involve[ing] lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b). The "primary difference between sedentary and most light jobs" is the amount of walking and standing involved. *See* SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983). "Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking,

8

off and on, for a total of approximately 6 hours of an 8-hour workday." *Id*. "[A]t the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday . . . ." *Id*.

As discussed *supra*, Dr. Powers opined that plaintiff can stand and walk for a total of four hours in an eight-hour workday. *PAGEID* 350. The Commissioner's arguments to the contrary notwithstanding, *see Commissioner's Response*, p. 9 (arguing that a limitation to standing and walking for a total of four hours in an eight-hour workday is consistent with light work because such a limitation exceeds the minimum requirement for standing and walking for sedentary work), a limitation to standing and walking for a total of four hours in eight-hour workday is inconsistent with "light work," which requires "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." *See* SSR 83-10, at *5. *See also* 20 C.F.R. § 404.1545(a) ("Your residual functional capacity is the most you can still do despite your limitations."); *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007) (finding that a claimant's RFC represents the most, not the least, that a claimant can do despite his impairments).

The administrative law judge expressly assigned "great weight" to Dr. Powers' opinion, which the administrative law judge read as finding that plaintiff has been able to "perform light work since 2005." *PAGEID* 64. However, the limitations actually articulated by

9

Dr. Powers are inconsistent with a full range of light work. Moreover, to the extent that the administrative law judge intended to discount Dr. Powers' opinion, he provided no explanation for doing so. Under these circumstances, the Court cannot say that the administrative law judge's evaluation of Dr. Powers' opinion is supported by substantial evidence.

Accordingly, the Court concludes that the matter must be remanded for further consideration of the opinions of Dr. Powers. Having concluded that this action must be remanded on this basis, the Court does not address plaintiff's remaining arguments.

It is accordingly **RECOMMENDED** that the decision of the Commissioner be **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and that this action be **REMANDED** to the Commissioner of Social Security for further consideration of Dr. Powers' opinions.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to

*de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


February 4, 2015                              *s/Norah McCann King*
                                              Norah M$^c$Cann King
                                              United States Magistrate Judge

11